```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JAMES PEACE,

                         Plaintiff,              06-CV-6666

v.                                               DECISION
                                                 And ORDER
JO ANNE B. BARNHART
COMMISSIONER OF
SOCIAL SECURITY,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff, James Peace ("Peace" or "plaintiff") brings this action pursuant to the Social Security Act, (codified at 42 U.S.C. § 1381 et seq.) claiming that the Commissioner of Social Security improperly denied his application for supplemental security income benefits. Specifically, Peace alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by substantial evidence contained in the record, or was legally deficient.[1]

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Peace opposes the defendant's motion.

---

[1] This case (formerly civil case 03-CV-0664-A) was transferred to the undersigned by the Honorable Richard J. Arcara, United States District Court for the Western District of New York by Order dated December 27, 2006.

BACKGROUND

On February 25, 1980 plaintiff James Peace, a 29 year old, filed an application for supplemental security income benefits claiming that he had become unable to work as of February 25, 1980 because of high blood pressure and arthritis. (Tr.11, 70-71, 326). The period at issue in this case is from February 25, 1980 to March 20, 1995. (Tr. 11). In March 20, 1995 Peace filed for Supplemental Social Security benefits claiming that he had been unable to work as of March 1, 1995 because of multi-substance abuse. (Tr. 12, 91-98). The plaintiff was granted benefits in March 1995 on drug abuse and alcohol grounds. (Tr. 11). The application for benefits from February 25, 1980 to March 20, 1995 was denied initially by the Social Security Administration on reconsideration at the plaintiff's request the application was denied again. (Tr. 71-73). On August 18, 1995 the plaintiff was notified of the possibility of court review of his application, due to his <u>Dixon</u> class membership.[2] (Tr. 43). On August 1, 2000 Peace was informed that the decision on his 1980 application was proper and in accordance with the law. (Tr. 72). Plaintiff requested an administrative hearing which was held on August 22, 2002, and a

---

[2] The Second Circuit held that administrative directives implementing severity regulation and policy of not considering combined impact of non-severe impairments was inconsistent with the Social Security Act. <u>Dixon v. Shalala</u>, 792 F.Supp. 942 (S.D.N.Y. 1992), *aff'd* 54 F.3d 1019 (2nd Cir. 1995).

supplemental hearing was held on October 31, 2002. (Tr. 74-75, 303-41, 293-302).

On the basis of the hearing and the medical record, the ALJ found that although Peace suffered from the severe impairment of marijuana abuse disorder, he did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments identified in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. (Tr. 15, 17). The ALJ found that the plaintiff was performing substantial gainful activity or was in jail for the period 1985 to March 20, 1995. (Tr. 17). The ALJ held that the plaintiff can perform the past relevant work of a cashier for the period February 25, 1980 to 1985. (Tr. 16-17). On July 10, 2003 Peace's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and plaintiff timely filed this action. (Tr. 4-6).

## DISCUSSION

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as " such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2nd Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2nd Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings

of the Commissioner are supported by substantial evidence judgment on the pleadings is hereby granted for the defendant.

  II.  The Commissioner's Decision to Deny Plaintiff Benefits was Supported by Substantial Evidence in the Record.

The ALJ made the determination based on the evidence before her that the plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…" 42 U.S.C. § 423(d) (1991).  The ALJ determined that plaintiff was engaged in substantial gainful activity or was in jail for the period 1985 to March 20, 1995; that plaintiff's marijuana abuse disorder is a "severe" impairment; that plaintiff's conditions either individually or in combination with her other impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; and that plaintiff did have the capacity to perform his past relevant work as a cashier during the period February 25, 1980 to 1985.  (Tr. 16-17).

"No monthly benefits will be paid to any individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony." 20 C.F.R. § 404.468(a).  Peace testified

that he had been in jail from 1985 to 1989 or 1990 because of a conviction for Possession of Stolen Property and Grand Larceny charges and was also later convicted of Assault while in jail. (Tr. 338-39). The ALJ properly found that the plaintiff is not eligible for supplemental security income benefits for the time period in which he was incarcerated. (Tr. 12-13).

"The work, without regard to legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level." 20 C.F.R. § 416.971. If a claimant were to earn more than $300 per month for years 1980 to 1989 or $500 per month for years 1990 to 1999 then the claimant may have engaged in substantial gainful activity. 20 C.F.R. § 416.974 (Table 1). The plaintiff testified that from 1985 to 1996 he used $30 a day of cocaine and was able to obtain this money through stealing and hustling. (Tr. 325-26). This daily expenditure demonstrates that the plaintiff's earnings exceeded those in Table 1 of 20 C.F.R. § 416.974 and supports a finding that the plaintiff engaged in substantial gainful activity during the period in question.

There is no medical evidence in the record from the time period in question to support the plaintiff's claim of disability due to arthritis and high blood pressure. The ALJ requested medical records from Sheehan Emergency and Penisula General Hospital for the period in question, but Peninsula General Hospital

reported that they no longer had the plaintiff's records for the requested period. (Tr. 133, 215, 309). There is no medical evidence that exhibits that the plaintiff underwent treatment for high blood pressure or arthritis during the time period in question. High blood pressure is indicated by a reading of 140/90 mmHg or higher.[3] Progress notes from Sheehan Memorial Hospital in November 1996 indicate that the plaintiff's blood pressure readings were 130/80, 160/116, 110/90, and 128/84. (Tr. 187, 193, 197, 237).

## CONCLUSION

For the reasons set forth above, I grant Defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 30, 2007

---

[3] National Heart Lung and Blood Institute, *High Blood Pressure,* U.S. Department of Health & Human Services.
<http://www.nhlbi.nih.gov/health/dci/Diseases/Hbp/HBP_WhatIs.html>